{¶ 23} Although I agree with the majority's resolution of appellant's assignment of error, I disagree with the conclusion that this resolution renders the state's cross assignment of error moot. I would reverse the trial court's decision finding that appellant was in custody, and thus write separately to address the issue raised in the state's cross appeal.
 {¶ 24} It is well-established that, before a suspect may be subjected to a custodial interrogation, he must be advised of his rights under Miranda v. Arizona (1966), 384 U.S. 436, 467-471, 86 S.Ct. 1602. The state contends that notifying appellant of these rights was not required because appellant was not the subject of a custodial interrogation. The trial court concluded otherwise, finding that "one who is in custody may not be questioned regarding a separate offense without being advised of the Miranda warnings."
 {¶ 25} Custodial interrogation consists of "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Id. at 444. A person is considered in custody for purposes of Miranda
when he is placed under formal arrest or his freedom of action is restrained to a degree associated with a formal arrest. Minnesota v.Murphy (1984), 465 U.S. 420, 434, 104 S.Ct. 1136. When determining whether an individual is in custody, the relevant inquiry is whether a reasonable person in the individual's position would have believed that he or she was not free to leave given the totality of the circumstances.Berkemer v. McCarty (1984), 468 U.S. 420, 442, 104 S.Ct. 3138; State v.Gumm, 73 Ohio St.3d 413, 429, 1995-Ohio-24.
 {¶ 26} However, this "freedom to leave" analysis is inapplicable when questioning individuals such as appellant who are already in prison, because they are obviously not free to leave in the usual sense. See State v. Bradley (Sept. 22, 1987), Scioto App. No. 1583 citingCervantes v. Walker (C.A.9, 1978), 589 F.2d 424, 427-428; United Statesv. Conley (C.A.4, 1985), 779 F.2d 970, 972-973; United States v. Ozuna
(C.A.6, 1999), 170 F.3d 654, 658 n. 3. In such cases, courts requireMiranda warnings if there is any "change in the surroundings of the prisoner which results in an added imposition on his freedom of movement."Cervantes at 428; Conley at 973. The majority of Ohio courts that have addressed this issue have followed that reasoning. See Bradley; Statev. Simpson, Franklin App. No. 01AP-757, 2002-Ohio-3717; State v. Peeples
(1994), 94 Ohio App.3d 34, 41-42; State v. Farrell (1999), Miami App. No. 99-CA-24; but, see, State v. Holt (1997), 132 Ohio App.3d 601, 606.
 {¶ 27} I agree with the majority of Ohio courts which conclude that Miranda warnings must be given to individuals in prison before questioning only when there is some added restriction on the prisoner's already restricted freedom. To hold otherwise would require Miranda
warnings whenever a prisoner is questioned, regardless of the circumstances. See Simpson. Such a rule would give a prisoner greater rights than the prisoner would have were he or she not in prison. Therefore, I reject the contention that appellant was in custody for purposes of Miranda merely because he was incarcerated.
 {¶ 28} The need to provide Miranda warnings prior to a custodial interrogation of a person already jailed, should, under conventional logic, be linked to the charges that gave rise to the interrogation, not to an unrelated charge. The question of whether the person being interrogated is under additional custody of the questioning officers, forMiranda purposes, should be answered by utilizing the analysis espoused in Cervantes, 589 F.2d at 427-428. In determining whether there was some additional restriction on a prisoner's freedom, thus requiring that questioning officers provide Miranda warnings, the Cervantes court considered four factors: (1) the language used to summon the individual; (2) the physical surroundings of the interrogation; (3) the extent to which he is confronted with evidence of his guilt; and (4) the additional pressure exerted to detain him. Id. at 428.
 {¶ 29} In the present matter, the conversation was held in an interview room within the jail. Appellant was seated across a rectangular table from the officers. He was not denied food, water, or restroom breaks. The exchange was described as cordial and conversational, without any threatening or intimidating language. It does not appear from the record that appellant was placed under any additional restriction of his freedom during the interview, nor was the conversation unduly coercive. Accordingly, I conclude that appellant was not in custody for purposes of Miranda, when he spoke with the police officers and, therefore, was not entitled to Miranda warnings before he was questioned.
 {¶ 30} Because I agree with the majority's resolution of appellant's assignment of error, but would address and sustain the state's assignment of error, I respectfully concur in part and dissent in part.